UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PEDRO ROSARIO,

    Plaintiff,

v.                                              Case No. 18-cv-1878-pp

NANCY BERRYHILL,

    Defendant.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2)**

On November 29, 2018, the plaintiff filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

To decide whether to allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff has the ability to pay the filing fee; if not, it next must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts presented in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff states that he is not employed, is not married and has no dependents he is responsible for supporting. Dkt. No. 2 at 1. The source of his income of $190

per month is FoodShare, and he puts that $190 per month toward household expenses to pay for food; he lists no other monthly expenses. Id. at 2-3. The plaintiff does not own a car or a home, and he has no cash on hand or in a checking or savings account, nor does he have any other property of value. Id. at 3-4. The plaintiff also indicates that he is "living in [his] mom's garage currently." Id. at 4. The court concludes from that information that the plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint alleges that he is disabled and states that the conclusions and findings of fact by the defendant in her denial of benefits are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in

law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without paying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 3rd day of December, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**